**Ilie GHENESCU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–2693–ag.**

United States Court of Appeals, Second Circuit.

May 16, 2007.

Barbara J. Brandes, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Gerald J. Mene, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ilie Ghenescu, a native and citizen of Romania, seeks review of a May 9, 2006 order of the BIA affirming the August 4, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ilie Ghenescu*, No. A72 435 612 (B.I.A. May 9, 2006), *aff'g* No. A72 435 612 (Immig. Ct. N.Y. City Aug. 4, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms the IJ's decision, with some modifying and supplementary analysis, we re-view the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Legal issues, and the application of law to fact, are reviewed *de novo*. *See Felix Hilario Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

### A. *Adverse Credibility and Subjective Fear*

■ Substantial evidence supports the agency's findings because a reasonable fact-finder would not be compelled to conclude that Ghenescu provided a credible account of past persecution or an objectively reasonable fear of future persecution. *See Zhou Yun Zhang*, 386 F.3d at 73. Because of major inconsistencies between his various accounts of his experience in Romania, the IJ reasonably concluded that he failed to establish a coherent claim of persecution on account of his political opinion or his religion. *See Jin*

*Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 190 (2d Cir.2005).[1]

Ghenescu's testimony was inconsistent internally as to whether he ever joined any political parties; he initially testified that he had not, because "Baptists don't do that," but later stated that he joined the "national peasant party" in 1989. After it was pointed out to him that he stated in an affidavit that he joined the "liberal party," he was unable to clarify which party he had, in fact, joined. He was also unable to reconcile his testimony, that he was first beaten at the police station around 1985, with his statement at his asylum interview that these beatings began around 1980.

More critically, Ghenescu's testimony regarding his role in a 1989 demonstration at his factory differed materially from the account in his affidavit. He wrote that he "organize[d] the people" to raid an office, "told [them] to go to the factory and get ... guns," and used his knowledge of the secret codes to unlock the door to the weapons room, where "the people" equipped themselves with guns and ammunition. Following the demonstration, he wrote, he "let out the people from jail." However, he did not mention any of these details in his testimony, and when asked to explain, he repeatedly denied that any of these actions occurred. He insisted that his only role in the demonstration was to change the combination on the lock to the weapons room to prevent the police from arming themselves. Because these serious discrepancies were not explained, and the IJ noted that Ghenescu became "evasive" when confronted with them, her credibility findings in this regard merit particular

deference. *See Zhou Yun Zhang,* 386 F.3d at 73.

Moreover, because Ghenescu's alleged fear of repercussions from this incident was the primary basis for his claim of well-founded fear, the adverse credibility finding is necessarily dispositive of that claim. We note that Ghenescu offered the testimony of a psychiatrist to suggest that his confusion might be attributable, in part, to post-traumatic stress disorder. However, an IJ is not required to credit an applicant's explanations, and here, the IJ reasonably discounted the psychiatrist's testimony when he admitted that he had examined Ghenescu only once, three years earlier. *See Siewe v. Gonzales,* 480 F.3d 160, 167–70 (2d Cir.2007). We cannot conclude, contrary to the IJ, that Ghenescu presented a credible claim of well-founded fear based on any political activities.

**B.** *Objective Likelihood of Future Persecution*

Even when the IJ finds an alien not credible with respect to past persecution, the alien might nonetheless be able to demonstrate an objectively reasonable fear of future persecution on an independent basis. *See Victor Paul v. Gonzales,* 444 F.3d 148, 155–57 (2d Cir.2006). Here, however, the IJ found, independent of her concerns about Ghenescu's credibility, that his fear of future persecution on account of his Baptist religion was not objectively reasonable in light of the background evidence. According to the 2002 State Department report, the most recent report in the record, Romania's constitution provides the right of freedom of religion, which is generally respected in practice.

---

1. Because the BIA discounted the significance of discrepancies regarding Ghenescu's knowledge of the Bible and the question of whether he was ever promoted at work, we do not consider those inconsistencies in our analysis of the IJ's adverse credibility finding. *See Xue Hong Yang,* 426 F.3d at 522. Like the BIA, we conclude that the adverse credibility finding is sustainable even absent reliance on those factors.

There was little information about violence against religious minorities in general and none regarding violence against Baptists in particular. Accordingly, the IJ reasonably declined to find a "pattern or practice" of persecution against Baptists in Romania, *cf.* 8 C.F.R. § 1208.13(b)(2)(iii)(A), and none of the background articles Ghenescu submitted compel a contrary conclusion.

### C. *The CAT Claim*

■■■ To the extent Ghenescu's CAT claim was premised on his political activities, the adverse credibility finding is dispositive. *See Xue Hong Yang*, 426 F.3d at 523. Moreover, because the IJ also found independently that he failed to establish an objective likelihood of torture based on his religion, she properly denied CAT relief. *See Nadarjh Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir.2004).

### D. *Due Process*

■■■ Finally, we find no support in the record for Ghenescu's contentions that the IJ impermissibly interrupted his testimony, thereby denying him a full and fair opportunity to present his claim. *Cf. Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). The examples he cites establish simply that the IJ interrupted him when his answers extended far beyond the scope of the questions asked; an IJ is permitted to regulate the pace of a hearing. *See* 8 C.F.R. § 1240.1(c). Moreover, in each instance, the IJ allowed questioning to continue. We have reviewed Ghenescu's other due process challenges, and find them to be likewise unsupported by the record.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Respondent's motion for leave to file a supplemental index is also DISMISSED as moot.